T.C. Summary Opinion 2019-29

UNITED STATES TAX COURT

RICHARD ALAN SAUNDERS AND SHELIA CANDY SAUNDERS, Petitioners
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13352-15S.                    Filed September 30, 2019.

Richard Alan Saunders and Shelia Candy Saunders, pro sese.

John W. Sheffield III and Shannon Craft, for respondent.

SUMMARY OPINION

WELLS, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]  All other section references are to the Internal Revenue Code (Code) in
effect for the year in issue, and all Rules references are to the Tax Court Rules of
(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Respondent determined a $4,018 deficiency and an $804 section 6662(a) penalty in relation to petitioners' 2012 Federal income tax. The issues we must decide are whether petitioners are (1) entitled to the child tax credits for the three children listed on their return, (2) entitled to dependency exemption deductions for the three children and one adult listed on their return, and (3) liable for a section 6662(a) accuracy-related penalty.

## Background

Some of the facts and certain exhibits have been stipulated. The parties' stipulated facts are incorporated in this opinion by reference and are found accordingly. At all relevant times petitioners lived with petitioner wife's father in their home in Georgia.

During 2012 petitioner wife worked at MedTech College, and petitioner husband worked at the U.S. Postal Service. Petitioners are also pastors of their own ministry. Sometime before 2012, petitioner wife met Lykeithia Thomas, a prospective MedTech College student who had fallen on hard times. Petitioner

[1](...continued)
Practice and Procedure, unless otherwise indicated. All numbers are rounded to the nearest dollar.

wife helped Ms. Thomas finish her general equivalence degree and enroll at MedTech College. Ms. Thomas then also joined petitioners' church, which she attended with her grandmother and three children.

In late 2011 Ms. Thomas and her three children became homeless when they had to move out of her mother's home. Ms. Thomas moved in with a friend but turned to petitioners to house her young children. Petitioner wife had experience as a foster parent, and she and petitioner husband agreed to house the three children.

In 2012, the three children were all younger than 10, i.e., preschool and elementary-school aged. They would spend the night in petitioners' home, and in the morning Ms. Thomas would pick them up and take them to school. In the afternoon Ms. Thomas would return them to petitioners. Petitioners fed and clothed them and provided them with certain incidentals such as school supplies. With the exception of their rides to school, petitioners provided all of the transportation for the children, and they referred to petitioner wife as "auntie" or "grandma".

Petitioner wife's father, Mr. Steed, has lived with petitioners for a long time. Mr. Steed suffers from kidney failure, liver problems, and dementia. Because of his health problems, he has been unable to work for many years and during 2012

received $733 per month in Supplemental Security Income (SSI). Mr. Steed has his own bedroom and bathroom in petitioners' home, with a handicap bathtub and a handicap toilet. During 2012 petitioner wife routinely drove her father across town to seek medical treatment and took care of certain basic needs such as clothes shopping. Mr. Steed appointed petitioner wife as his attorney-in-fact and petitioner husband as his alternate attorney-in-fact.

In summary, during 2012 petitioners provided most, if not all, housing, utilities, food, clothing, and transportation for Mr. Steed and the three children. Aside from Mr. Steed's SSI, all of the income used to support the household came from petitioners. The household expenses for 2012 included a $2,200 mortgage payment, $480 in groceries, and $200 in utilities[2] for a total monthly expense of $2,880. Aside from incidentals such as clothing and school supplies, petitioner wife estimates that she spent a further $80 per month transporting her father for medical treatment.

At the end of the year Ms. Thomas asked petitioner wife to list the children as petitioners' dependents and share any resulting tax refund with her. Ms. Thomas told petitioner wife that her mother had listed the children as her

---

[2] Petitioner wife testified that their utilities expense increased by roughly $100 per month after the children's arrival changed their three-person household into a six-person household.

dependents when they all previously lived together. Petitioner wife agreed, but instead of sharing the child tax credit, she offered to give the amount in its entirety to Ms. Thomas. Ms. Thomas provided petitioners with several documents, including some showing the children's Social Security numbers, so that petitioners could list the children as dependents. The record does not reflect whether Ms. Thomas received any income in 2012 or whether she filed her own tax return listing her children as dependents.

Petitioners timely filed their 2012 Federal income tax return with the help of "Speedway Tax Service". Petitioners claimed Mr. Steed as a dependent and listed "parent" under the column titled "Dependent's relationship to you". As agreed with Ms. Thomas, petitioners also listed the children as dependents. After telling petitioner wife that she could not list "pastor" in the "relationship" column, the individual who assisted with the tax return preparation listed "nephew" or "niece". The return shows $3,000 claimed in child tax credits. The return also shows a refund due of $9,985 although petitioners' bank statement shows a refund deposit of $3,673.

Petitioners paid Ms. Thomas a total of $3,300 in two payments. The first cash payment, $2,200, was made on February 14, 2013. Ms. Thomas asked petitioners to hold on to the rest of the money until she needed it. Ms. Thomas

used the first payment to secure housing for herself and her children, and she collected the children and they left petitioners' home. In late June 2013 petitioners gave Ms. Thomas the second cash payment, $1,100. Ms. Thomas stopped attending petitioners' church, and they have since been unable to reach her.

## Discussion

Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed.[3] See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

For tax year 2012 a taxpayer may claim a dependency exemption deduction with respect to an individual who is either a "qualifying child" or a "qualifying relative". Secs. 151(c), 152(a). If the dependency exemption deduction is claimed on the basis that the individual is a "qualifying child", the taxpayer may also claim a $1,000 tax credit per qualifying child. Sec. 24(a). To be a taxpayer's "qualifying child", an individual must: (A) bear a qualifying relationship, defined in section 152(c), to the taxpayer; (B) have the same principal place of abode as the taxpayer for more than one-half of such taxable year; (C) meet certain age

---

[3] Petitioners have not alleged or shown that sec. 7491(a) applies to shift the burden of proof to respondent.

requirements; and (D) have not provided more than one-half of his or her own support for the year. Sec. 152(c)(1).

The children do not bear a qualifying relationship to petitioners as defined in section 152(c). The children are neither "a child of * * * [petitioners] or a descendant of such a child" nor "a brother, sister, stepbrother, or stepsister of * * * [petitioners] or a descendant of any such relative." Sec. 152(c)(2). Because none of the children meets the definition of a "qualifying child", petitioners are not entitled to the claimed child tax credits.[4] Sec. 24(a).

An individual who is not a qualifying child may still, under certain conditions, qualify as a dependent if he or she is a qualifying relative. Sec. 152(a). Pursuant to section 152(d)(1), the term "qualifying relative" means an individual: (A) who bears a qualifying relationship, defined in section 152(d)(2), to the taxpayer; (B) whose gross income is less than the exemption amount defined in section 151(d); (C) for whom the taxpayer has provided more than one-half of the

---

[4] This result does not change even if Ms. Thomas did not in fact file her own return and claim her children as dependents. The Code provides that if the parents of an individual may claim the individual as a qualifying child, but no parent does so, the individual may be claimed as the qualifying child of another taxpayer. Sec. 152(c)(4)(C). That other taxpayer, however, must still meet the requirements of sec. 152(c)(1). In other words, this provision would allow the children's grandmother to claim them as "qualifying children" if they also met the residency, age, and financial support requirements, but not petitioners.

individual's support; and (D) who is not a qualifying child of the taxpayer or any other taxpayer. For 2012 the exemption amount pursuant to section 151(d) was $3,800. Rev. Proc. 2011-52, sec. 3.19, 2011-45 I.R.B. 701, 707.

The three children had no gross income, and petitioners provided all of their support with the exception of transportation to and from school. Petitioners testified that the children spent every night in their home and that they provided all of the financial support to feed and maintain them. This would suggest that the children meet the qualifying relationship definition of section 152(d)(2)(H), i.e., having the same principal place of abode and being members of the same household.[5]

The statute also requires that the children not be a "qualifying child" of any other taxpayer. Sec. 152(d)(1)(D). Petitioners could have shown that they meet this requirement if they had corroborated that Ms. Thomas in fact released her claim to the dependency exemption deductions for her children for tax year 2012. See Brooks v. Commissioner, T.C. Memo. 2013-141, at *34-*35. Petitioners, however, did not present evidence beyond their testimony. It is petitioners' burden to show that they are entitled to the deductions that they claimed. They

_____

[5] We note that although petitioners provided Social Security and medical records of the children showing a different address, we find their testimony regarding the children's residency to be credible.

have not met that burden and, consequently, are not entitled to dependency exemption deductions with respect to the three children.

Petitioners also claimed Mr. Steed, petitioner wife's father, as a dependent. Mr. Steed certainly bears a qualifying relationship to petitioner wife, as defined in section 152(d)(2)(C), and is not a qualifying child of any taxpayer. Mr. Steed's income, however, prevents him from meeting the definition of a "qualifying relative". See sec. 151(d)(1)(B). Mr. Steed received during 2012 SSI of $733 per month, or $8,796 for the year, which exceeds the section 151(d) exemption amount of $3,800.[6] Thus, petitioners are not entitled to a dependency exemption deduction with respect to Mr. Steed.

Section 6662 imposes an accuracy-related penalty if any part of an underpayment of tax required to be shown on a return is due to, among other things, negligence or disregard of rules and regulations. Sec. 6662(a) and (b)(1).

---

[6] It is also unclear whether petitioners provided more than one-half of Mr. Steed's support. Petitioners' monthly household expenses for 2012 totaled roughly $2,880, or $480 per member of the six-person household. This amount plus the $80 per month spent on Mr. Steed's transportation totals $560. If petitioners provided $560 per month towards Mr. Steed's support and he provided $733 per month from his SSI, then petitioners provided less than one-half of his support. If the housing costs are calculated on a per-bedroom basis or a per-adult basis, then the amount petitioners spent may approach or exceed one-half. However, the fact remains that Mr. Steed's income level disqualifies him from the definition of "qualifying relative".

Respondent bears the burden of production on the applicability of the accuracy-related penalty.  See sec. 7491(c); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Pursuant to section 6664(c)(1), the accuracy-related penalty under section 6662 does not apply to any portion of an underpayment for which a taxpayer establishes that he or she:  (1) had reasonable cause and (2) acted in good faith.  Whether the taxpayer acted with reasonable cause and in good faith is decided on a case-by-case basis, taking into account the pertinent facts and circumstances, including the taxpayer's knowledge, education, and experience, as well as the taxpayer's reliance on professional advice.  See Thomas v. Commissioner, T.C. Memo. 2013-60, at *7; see also Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 229 F.3d 221 (3d Cir. 2002); sec. 1.6664-4(b)(1), Income Tax Regs.

Assuming, arguendo, that respondent has met his burden of production, we nevertheless conclude that petitioners carried their burden with respect to reasonable cause and good faith.  It is clear from the record that petitioners are not tax experts or experienced in tax matters.  Petitioners sincerely believed that they were entitled to claim deductions and credits for the children, with Ms. Thomas' permission, as the children's grandmother had done before.  Petitioner wife credibly testified that the children and Mr. Steed depended on petitioners for most,

or at the very least a substantial amount, of their support. Moreover, we find that petitioners relied reasonably and in good faith on their commercial return preparer, to whom they fully disclosed their relationship with the children. See Thomas v. Commissioner, at *8; see also Neonatology Assocs., P.A. v. Commissioner, 115 T.C. at 98-99; sec. 1.6664-4(b)(1), Income Tax Regs. Therefore, we hold that petitioners are not liable for the accuracy-related penalty under section 6662(a).

On the basis of the foregoing, we hold that petitioners are not entitled to dependency exemption deductions or child tax credits and that they are not liable for the section 6662 accuracy-related penalty.

Accordingly,

Decision will be entered for respondent as to the deficiency and for petitioners as to the section 6662 accuracy-related penalty.